IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

JOHN OSBORNE CRANDELL III.,

        Plaintiff,

v.                                              CIVIL ACTION NO. 2:18-CV-124
                                                JUDGE KLEEH

HARDY COUNTY DEVELOPMENT AUTHORITY,

        Defendant.

**REPORT AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO DISMISS BE GRANTED**

This matter is before the undersigned pursuant to a Referral Order entered by United States District Judge Thomas S. Kleeh on March 5, 2019. (ECF No. 11). On March 8, 2019, the United States of America (hereinafter "Plaintiff USA") filed a Motion to Dismiss. This matter is now ripe for a report and recommendation to the presiding district judge. The undersigned hereby **RECOMMENDS** that the Motion to Dismiss (ECF No. 11) be **GRANTED**.

    I.      FACTUAL BACKGROUND[1]

Plaintiff alleged that the United States Department of Commerce, Economic Development Authority (hereinafter "EDA") awarded a funding grant to Hardy County, West Virginia. Compl. at 7. A requirement of this grant is that the receiving entity would "honor the narrowly defined industrial development intent" of the Grant. Id. Following the receipt of the Grant and during a board of director's meeting of the Hardy County Rural Development Authority, the Executive

---

[1] In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).

Director indicated that she knew that both the Hardy County/Byrd Industrial Park and the Wardensville Industrial Park "must be associated with these exclusively Industrial Use Covenants." Id.

Plaintiff John Crandell (hereinafter "Plaintiff Crandell") also alleged that properties were then sold with industrial use covenants and restrictions that utilized definitions that were inconsistent with those required; Defendant sold properties with unapproved and non-compliant covenants and restrictions; Defendant sold properties that were actually located with the Industrial Parks, but documents state that the property was adjoining to the parks; and Defendant developed properties for non-compliant use and are continuously receiving lease income. Id. at 8.

## II.   PROCEDURAL POSTURE

### a.  Plaintiff John Crandell's Complaint

On November 29, 2018, Plaintiff Crandell filed a Complaint against Defendant HCRDA. (ECF No. 1). Plaintiff Crandell alleged that Defendant violated the False Claims Act—31 U.S.C. §§ 3729-3732. Plaintiff Crandell also named Plaintiff USA in the Complaint.

The allegations stated that the "EDA General Condition for Projects" require specific responsibilities in the distribution of grant funds, including an ongoing requirement for HCRDA to include in deeds for the sale of land covenants and restrictions that Defendant has failed to incorporate. Specifically, Plaintiff Crandell alleges that Defendant has failed to attach the "Industrial Use Covenants" to the deeds of land purchasers. Furthermore, Plaintiff Crandell alleged that Defendant has failed to provide a report of sales of properties to the EDA, which is required under the Grant's terms and conditions. Plaintiff Crandell alleged that Defendant has sold properties with covenants that authorize used that are inconsistent with the Hardy County Zoning Ordinances and has concealed these violations by misrepresenting this information to the EDA.

Plaintiff Crandell also cited several other Federal and West Virginia statutes that Plaintiff Crandell alleged Defendant has violated. Plaintiff Crandell alleged that Defendant failed or refused to comply with the West Virginia Freedom of Information Act—West Virginia Code Section 29-B-1-5—by not disclosing documents requested by Plaintiff Crandell. Plaintiff Crandell also alleged that the facts contained in the Complaint demonstrated that Defendant has violated 13 C.F.R. §§ 3214.3, 309.1, both in conjunction with 42 U.S.C. § 3211; and 18 U.S.C. §§ 1031, 371, and 1002.

After the Complaint was filed, the case was sealed pursuant to 31 U.S.C. § 3730(b)(2) to allow Plaintiff USA time to investigate and determine whether it will intervene in the matter. On March 8, 2019, Plaintiff USA filed a Notice informing Plaintiff Crandell and the Court that Plaintiff USA declines to intervene in this case. (ECF No. 10).

### b. Plaintiff United States of America's Motion to Dismiss

On March 8, 2019, Plaintiff USA filed a Motion to Dismiss arguing that the Complaint should be dismissed in its entirety for various reasons. (ECF No. 11). Specifically, Plaintiff USA argued that the United States has the unfettered discretion to dismiss this claim under 31 U.S.C. § 3730(c)(2)(A). However, due to a Circuit split, Plaintiff USA argued in the alternative that the court has discretion to dismiss the claim under the two part test established in <u>United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corporation</u>, 151 F.3d 1139 (9th Cir. 1998). Plaintiff United States further argued that dismissal is warranted because *pro se* Plaintiffs may not represent the United States in a *qui tam* False Claims Action and the continuation of this matter will result in "complete waste" of governmental resources. Furthermore, Plaintiff USA argued that Plaintiff Crandell has failed to provide "facts or law" "that give rise to a claim under Rule 12(b)(6)."

### c. Roseboro Notice

On March 14, 2019, the undersigned entered a Roseboro Notice regarding the Motion to Dismiss that was filed in the matter by Plaintiff USA and notified Plaintiff Crandell of his right to respond. (ECF No. 13).

### d. Relator's Response to The United States Motion to Dismiss

On April 4, 2019, Plaintiff Crandell filed a "Relators Response to the United States Motion to Dismiss Pursuant to Section 3730(c)(2)(A) of the False Claims Act." Plaintiff Crandell stated that "the quality of the government's evaluation of this case leading to the decision to pursue the dismissal, has been excessively influence by immediate budgetary limitations, with inadequate consideration of the extending costs that will be continue to be incurred by the government." Plaintiff Crandell stated that Plaintiff USA's reliance on United States ex rel. Kelly v. Boeing, 9 F.3d 743 (9th Cir. 1993) was erroneous and stated that the government can *only* move for dismissal based on the facts and the merits of the actual case. Plaintiff Crandell stated that Plaintiff USA's arguments for dismissal were not based in "specific merits of the case or analysis of facts and exhibits."

Plaintiff Crandell also stated that the "issuance of deeds with attached 'General Business and Light Industrial Covenants' (Exhibit 3) version of covenants and restrictions as alleged in the Complaint is itself a violation of the EDA industrial development grant terms." Resp. at 3. Furthermore, Plaintiff Crandell argued that "this joinder of the interests of the entities who are party in these grant complaint covenants the intent of EDA grant as an enforcement mechanism" and "all process of law" is extended to Plaintiff to Power of the Secretary of Commerce. Id. Plaintiff Crandell also stated that Plaintiff USA improperly concluded that Plaintiff Crandell failed to disclose the information prior to the filing of this civil matter and has provided a detailed chart, Exhibit A, which detailed what Plaintiff Crandell considered his adequate disclosure prior to the

4

suit. Furthermore, Plaintiff Crandell stated that he "hopes to engage an attorney as soon as possible, unless the court choose to make appointments or undertake managements that would render this less necessary." Id. at 7.

### III.     ANALYSIS

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### a. Plaintiff Crandell's Claims pursuant to 31 U.S.C. §§ 3729-3732

The Fourth Circuit has repeatedly held that "[a] lay person may not bring a *qui tam* action under the False Claims Act." United States ex rel. Brooks v. Lockheed Martin Corp., 237 Fed. App'x 802, (4th Cir. 2007) (citing United States *ex rel.* Lu v. Ou, 368 F.3d 773 (7th Cir. 2004))."Although a *qui tam* relator is entitled by statute to a share of the recovery if his action is successful, . . . the United States is the real party in interest, and the need for adequate legal representation on behalf of the United States counsel against permitting pro se suits." Lockheed, 237 Fed. App'x at *1. Plaintiff Crandell has brought *qui tam* case against Plaintiff USA and alleged that Defendant has committed fraud against the United States. While Plaintiff Crandell stated that he is continually searching for an attorney, he is currently proceeding *pro se*. Accordingly, the undersigned **RECOMMENDS** that Plaintiff Crandell's Motion be **GRANTED** as it pertains to the claims brought pursuant to 31 U.S.C. §§ 3729-3732.

### b. Plaintiff Crandell's Claims pursuant to 13 C.F.R. §§ 314.3, 309.1, both in conjunction with 42 U.S.C. § 3211

Plaintiff specifically argues that a "chain of authorization" was created allowing the authorities of the Secretary of Commerce, under 42 U.S.C. § 3211, to be extended to Plaintiff under the "General Conditions section of the Economic Development Authority Requirements for Approved Projects 8th editions: General Conditions and the Special Conditions for project #01-01-03226." Plaintiff also stated that the "primary source of authority in Department of Commerce grants and contracts" was "explicitly extended via directive in the General Conditions" to Plaintiff in the document titled "Covenants and Restrictions for Hardy County Rural Development Authority Industrial Parks in Wardensville Containing 18.63 Acres and Robert C. Byrd-Hardy County Industrial Park in Moorefield Containing 62.05 Acres in Phase 1 and Approximately 80 Acres in Phase 11."

Plaintiff also stated that the authority to bring a cause of action was extended to him through 42 U.S.C. § 3211. This statute provides for the Powers of the Secretary of Commerce and details the duties that may be performed by the Secretary of Commerce. There is no reference creating a "chain of authority" that empowers Plaintiff with those authorities endowed to the Secretary of Commerce.

Title 13 of the Code of Federal Regulations, Section 314.4, however, does create a cause of action for the Federal Government to seek redress for a violation for the unauthorized use of project property. This regulation states in pertinent part:

(a) Compensation of Federal Share upon an Unauthorized Use of Project Property.[2] Except as provided in §§ 314.3 (regarding the authorized use of Property) or 314.10 (regarding the release of the Federal Interest in certain Property), or as otherwise authorized by EDA, the Federal Government must be compensated by the Recipient for the Federal Share whenever, during the Estimated Useful Life of the Project, any Project Property is Disposed of, encumbered, or no longer used for the purpose of the Project; provided that for equipment and supplies, the requirements of 2 CFR part 200, including any supplements, shall apply.

(b) Additional Unauthorized Uses of Project Property. Additionally, prior to the release of the Federal Interest, Project Real Property or tangible Project Personal Property may not be used:

   (1) In violation of the nondiscrimination requirements of § 302.20 of this chapter or in violation of the terms and conditions of the Investment Assistance; or

   (2) For any purpose prohibited by applicable law.

(c) Recovery of the Federal Share. Where the Disposition, encumbrance, or use of any Project Property violates paragraph (a) or (b) of this section, EDA may assert the Federal Interest in the Project Property to recover the Federal Share for the Federal Government and may take such actions as authorized by PWEDA and this chapter, including the actions provided in §§ 302.3, 302.16,

---

[2] Project Property is defined as "all Property that is acquired or improved, in whole or in part, with Investment Assistance and is required, as determined by EDA, for the successful completion and operation of a Project and/or serves as the economic justification of a Project. As appropriate to specify the type of Property referenced, this part refers to Project Property as "Project Real Property" or "Project Personal Property."

>and 307.21 of this chapter. EDA may pursue its rights under paragraph (a) of this section and this paragraph (c) to recover the Federal Share, plus costs and interest. When the Federal Government is fully compensated for the Federal Share, the Federal Interest is extinguished as provided in § 314.2(b), and EDA will have no further interest in the ownership, use, or Disposition of the Property, except for the nondiscrimination requirements set forth in § 314.10(d)(3).

13 C.F.R. § 314.4.

The Government, Plaintiff USA, has provided notice to the Court that it will not intervene in this matter. Accordingly, while there is a private cause of action for the Federal Government to recover as a result of failure to abide by the regulations' requirements (which Plaintiff USA is choosing not to pursue), there is no private right of action for Plaintiff Crandell to recover damages. The undersigned hereby **RECOMMENDS** that the claims brought pursuant to 13 C.F.R. §§ 314.3 and 309.1 be **DISMISSED** as Plaintiff Crandell does not have standing to bring a cause of action for HCRDA's alleged failure to abide by the federal regulations under 13 C.F.R. §§ 300-315.

### c.   Plaintiff Crandell's claims made pursuant to 18 U.S.C. §§ 1031, 371, and 1002

"The question of the existence of a statutory cause of action is, of course, one of statutory construction." Touche Ross & Co. v. Redington, 442 U.S. 560 (1979). "The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Id. (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979). A provision of a criminal penalty does not preclude the existence of a private cause of action. Flowers v. Tandy Corp., 773 F.2d 585 (4th Cir. 1985). An implied right of action should be found when "plaintiff is one of a class for whose benefit the statute was enacted and there is some indication that Congress intended such a cause of action to lie." Id. (citing Cort v. Ash, 422 U.S. 66 (1974)). This can be demonstrated that through language of the statute, the legislative history, and the purpose and focus of the statute. Id.

8

Here there is no indication that the criminal statutes provided in the Amended Complaint provide for a civil remedy, give rise to civil liability, nor authorize a private right of action.[3] Courts have already determined that 18 U.S.C. §§ 1031 and 371 do not create a private cause of action that may be utilized in a civil case. Bond v. Hughes, 2015 WL 7455822, at *5 (D. Md. Nov. 24, 2015) (finding that 18 U.S.C. § 1031 does not allow a private right of action); Bey ex rel Graves v. Richmond Redevelopment and Housing Authority, 2013 WL 4066945 (E.D. Va. Aug 9, 2013).

As to 18 U.S.C. § 1002, the statute's language itself does not state that it provides for a private right of action. Moreover, Plaintiff Crandell is not "one of a class for whose benefit" 18 U.S.C. § 1002 was enacted. Title 18, United States Code Section 1002 is meant to benefit the United States as this particular statute is geared for the protection of fraud against the United States. Accordingly, the undersigned **RECOMMENDS** that the claims under the criminal statutes be **DISMISSED** because Plaintiff Crandell is seeking relief do not state a claim upon which relief can be granted as they do not create a private cause of action for Plaintiff Crandell to bring against Defendant.

### d. Plaintiff Crandell's claims made pursuant to West Virginia Freedom of Information Act Claim

Federal courts lack the authority to adjudicate a case absent subject matter jurisdiction. Basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y&H Corp, 546 U.S. 500, 501 (2006). Section 1331 provides for federal question jurisdiction, which is properly invoked by the plaintiff when the plaintiff pleads a

---

[3] While there are Civil Conspiracy and Fraud claims available, the allegations contained in Plaintiff's Complaint alleged "Major fraud against the United States," "Conspiracy to commit offense or to defraud United States," and "Possession of false papers to defraud United States." Plaintiff has alleged that the Fraud, Conspiracy to commit fraud, and possession of false papers were directed at the United States. Compl. at 10. Because Plaintiff specifically alleged that the injured party is the United States, the undersigned does not construe these claims to amount to Civil Fraud and Conspiracy against the Plaintiff Crandell.

colorable claim "arising under the Constitution, laws, or treaties of the United States." Id. (citing Bell v. Hood, 327 U.S. 678, 681-685 (1946)); MotJuste Tirade of Vim Andre Juste v. Brennan, 16 F. Supp. 3d 716, 725–26 (N.D.W. Va. 2014). Section 1332 provides for diversity of citizenship jurisdiction, which is properly invoked by the plaintiff when the plaintiff presents a claim between parties of diverse citizenship that exceeds $75,000, the current required jurisdictional amount. Arbaugh, 546 U.S. at 501.

Plaintiff Crandell is alleged that Defendant violated the West Virginia Freedom of Information Act ("FOIA"). West Virginia Code Section 29B-1-3 states:

(a) Every person has a right to inspect or copy any public record of a public body in this state, except as otherwise expressly provided by section four of this article.

(b) A request to inspect or copy any public record of a public body shall be made directly to the custodian of such public record.

(c) The custodian of any public records, unless otherwise expressly provided by statute, shall furnish proper and reasonable opportunities for inspection and examination of the records in his or her office and reasonable facilities for making memoranda or abstracts therefrom, during the usual business hours, to all persons having occasion to make examination of them. The custodian of the records may make reasonable rules and regulations necessary for the protection of the records and to prevent interference with the regular discharge of his or her duties. If the records requested exist in magnetic, electronic or computer form, the custodian of the records shall make copies available on magnetic or electronic media, if so requested.

(d) All requests for information must state with reasonable specificity the information sought. The custodian, upon demand for records made under this statute, shall as soon as is practicable but within a maximum of five days not including Saturdays, Sundays or legal holidays.

W. Va. Code § 29B-1-3.

This statute may be enforced under the following circumstances:

(1) Any person denied the right to inspect the public record of a public body may institute proceedings for injunctive or declaratory relief in the circuit court in the county where the public record is kept.

(2) In any suit filed under subsection one of this section, the court has jurisdiction to enjoin the custodian or public body from withholding records and to order the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the public body to sustain its action. The court, on its own motion, may view the documents in controversy in camera before reaching a decision. Any custodian of any public records of the public body found to be in noncompliance with the order of the court to produce the documents or disclose the information sought, may be punished as being in contempt of court.

(3) Except as to causes the court considers of greater importance, proceedings arising under subsection one of this section shall be assigned for hearing and trial at the earliest practicable date.

W. Va. Code § 29B-1-5.

This is the sole remaining claim in the Complaint. Plaintiff Crandell has not alleged any violations of the Constitution, Federal law, or treaties of the United States. Therefore, this claim is not before the Court pursuant to Federal Question Jurisdiction. There is diverse citizenship between the parties as Defendant is a citizen of Virginia and HCRDA is in West Virginia. The West Virginia Freedom of Information Act provides for attorney's fees and costs for individuals if a successful suit is brought against an individual pursuant to W. Va. Code § 29B-1-3. There is no other monetary discovery permitted under the statute. See generally, West Virginia Code Section 29B-1-1 *et seq*. Because Plaintiff Crandell did not allege a violation of the Federal Freedom of Information Act nor is there an amount in controversy over $75,000.00, the undersigned **RECOMMENDS** that the West Virginia FOIA claim be **DISMISSED** because the Court does not have subject matter jurisdiction over any remaining West Virginia FOIA claims.

### IV. RECOMMENDATION

For the reasons appearing above, the undersigned **RECOMMENDS** that Plaintiff USA's Motion to Dismiss be **GRANTED** in its entirety (ECF No.11) and Plaintiff Crandell's Complaint be **DISMISSED** (ECF No. 1) in its entirety.

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a Copy of this Report and Recommendation of counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 22nd day of May, 2019.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE